IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KEVIN L. BRADLEY, :

      Petitioner, :    Case No. 3:08cv210

vs. :    District Judge Timothy S. Black
                                      Magistrate Judge Sharon L. Ovington
DEBORAH TIMMERMAN-COOPER,:
   WARDEN,
                            :
      Respondent.
                            :

# REPORT and RECOMMENDATIONS[1]

This matter is before the Court on Petitioner's *pro se* petition for writ of habeas corpus (Doc. #4); Respondent's answer/return of writ (Doc. #6) and supplement thereto (Doc. #10); Petitioner's reply (Doc. #14); and the record as a whole.

**FACTUAL AND PROCEDURAL BACKGROUND/THE PARTIES' CLAIMS**

The procedural history relevant to this case involves a protracted record of back-and-forth proceedings between the state trial court in which Bradley originally was convicted in 2004 (*see* Doc. #6, Exhs. 3-5), and the state appellate

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

courts. After reversal of his 2004 conviction led to a 2006 guilty plea to both the original and new criminal charges against him and a second sentencing proceeding in the Court of Common Pleas of Champaign County, Ohio (*see* Doc. #6, Exhs. 13, 14), Petitioner Bradley acting *pro se* filed a second appeal to the state appellate court, raising the following three assignments of error:

> [1] Appellant's due process rights were violated by the post-appeal vindictive prosecution of the criminal charges in Case Number 06 CR 234. U.S. Const. Amend. XIV § 1.
>
> [2] Appellant's due process rights were violated when following the successful appeal of the original convictions, the same sentencing judge imposed increased sentences for Appellant's crimes of conviction and based such increases on vindictive and biased reasons. U.S. Const. Amend. XIV § 1.
>
> [3] The trial court abused it[ ]s discretion and violated Appellant's due process rights by imposing maximum and consecutive sentences where the record clearly establishes that the worst form of the offense was not committed, Appellant is not the worst form of offender, a presumption in favor of a prison term was not prescribed to any of the specific offenses by the legislature, and the trial court based said sentences on unconstitutional reasons and unauthorized law. U.S. Const. Amend. XIV § 1; [Ohio Rev. Code §§] 2929.11, 2929.12.

(Doc. #6, Exh. 15).

On review, the state appellate court issued the following presumptively

2

correct[2] findings of fact:

> Defendant, Kevin Bradley, appeals from his conviction and sentence for vandalism, aggravated possession of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, and solicitation of attempted perjury.
>
> As a result of a police chase of Defendant's vehicle by Mechanicsburg police, Defendant was indicted in Champaign County Case No. 04CR06 on one count of failure to comply with an order or signal of a police officer, one count of felonious assault, one count of assault on a peace officer, and one count of vandalism. Drugs were found by police inside Defendant's vehicle. Subsequently, Defendant was indicted under the same case number, 04CR06, on twelve additional charges, all of which involve various drug offenses.
>
> Defendant's jury trial commenced on Monday, May 17, 2004.  During the trial the State learned that just a few days before his trial began, on Friday, May 14, 2004, Defendant had placed three phone calls from the Logan County jail to his sister, Mindy, and his son, Drew. Those phone calls were recorded by the jail and the tapes of those phone calls were played for the jury over Defendant's objection.  In those phone calls Defendant made numerous threats and blamed his son for causing him to go to jail.  Defendant demanded that his son testify falsely to provide a defense for Defendant.
>
> At the conclusion of the trial the jury acquitted Defendant of one of the drug offenses, count thirteen, but found him guilty on the other fifteen charges.  The

---

[2]*See* 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

trial court imposed a combination of concurrent and consecutive prison terms totaling twenty-seven and one-half years.  On direct appeal we reversed Defendant's convictions and sentences because he appeared before the jury during trial wearing jail clothing without a knowing, intelligent and voluntary waiver of his right not to be tried in jail clothing.  *State v. Bradley* (Dec. 9, 2005), Champaign App. No. 2204-CA-15, 2005 Ohio 6533.  The State unsuccessfully sought to appeal our decision to the Ohio Supreme Court.

After the Ohio Supreme Court denied the State's appeal, the State indicted Defendant in Case No. 06-CR-234 on additional charges including three counts of solicitation of perjury and three counts of intimidation of a witness in a criminal proceeding, arising out of the telephone calls Defendant made on May 14, 2004, to his sister and son from the Logan County jail.  These new charges subjected Defendant to potentially over sixteen years additional prison time.  Defendant waived his right to counsel and elected to represent himself.  Defendant subsequently negotiated a plea with the State.  Pursuant to that plea agreement, Defendant pled guilty in Case No. 04-CR-06 to vandalism, aggravated possession of drugs, and illegal assembly or possession of chemicals for the manufacture of drugs, and in Case No. 06-CR-234, Defendant pled guilty to solicitation of attempted perjury.  In exchange, the State dismissed the other pending charges.  Under this plea agreement the maximum possible sentence Defendant faced was eight and one-half years, less than one third of the sentence originally imposed by the trial court in Case No. 04-CR-06.  Except for the sentence imposed in Case No. 06-CR-234 for solicitation of attempted perjury, the trial court imposed the maximum sentence on each of the offenses in Case No. 04-CR-06.  With respect to the vandalism and the illegal assembly or possession of chemicals for the manufacture of drugs, the court's maximum

> sentence constituted harsher sentences than originally imposed by the trial court for those same crimes.  The trial court ordered all sentences to be served consecutively, for a total aggregate sentence of eight years.

*State v. Bradley*, No. 06CA31, 2007 WL 4305713 (Ohio Ct. App. Dec. 7, 2007).  (Doc. #6, Exh. 18).  The court at that time overruled each of Bradley's assignments of error, *id.*, 2007 WL 4305713, at *9, *17, *25. and affirmed the judgment of the trial court.  *Id.* at *25.

Bradley thereafter filed a timely notice of appeal to the Ohio Supreme Court, presenting the following in his memorandum in support of jurisdiction:

> PROPOSITION OF LAW I:  When a prima facie showing of a realistic likelihood of vindictiveness is created by the addition or substitution of more serious charges occasioned by a defendant's successful appeal, rebuttal explanations, while varying on the facts of each case, must nevertheless be based upon evidence appearing in the record and must negate the inference of retaliatory motivation.
>
> PROPOSITION OF LAW II:  Where the same sentencing judge re-sentences a defendant to a harsher sentence following a successful appeal, giving rise to a presumption of vindictiveness, rebuttal explanations sufficient to overcome the presumption must be based upon objective information concerning identifiable relevant conduct attributable to the defendant. [sic] That was not before the court at the first sentencing, or that developed after the first sentencing.

5

> PROPOSITION OF LAW III: The failure of a trial court to apply Ohio sentencing law when sentencing a defendant, it[ ]s utilization of an unauthorized sentencing doctrine, and the trial court's express intent to impose punishment for offenses that the court authorized to be dismissed, is an abuse of discretion and a violation of a defendant's due process rights.

(Doc. #6, Exh. 19). On May 7, 2008, the Ohio Supreme Court denied Bradley leave to appeal, dismissing the appeal as "not involving any substantial constitutional question." *State v. Bradley*, 885 N.E.2d 955 (Ohio 2008). (Doc. #6, Exh. 20).

In the interim, however, Bradley filed an application for reconsideration of the appellate court's December 7, 2007 decision, raising the following contentions:

> The Court of Appeals made an obvious legal error by its failure to consider the fact that the prosecutor indicted the Defendant for the additional charges not because of any further factual investigation or legal analysis, but because the Defendant chose to exercise his protected right to appeal his original convictions.
>
> The Court of Appeals made an obvious legal error in finding that the State's explanation for bringing additional charges in response to the Defendant's successful appeal was sufficient to rebut the [*North Carolina v.*] *Pearce*[, 395 U.S. 711 (1969)] presumption of vindictiveness applicable to the facts of this case.
>
> The Court of Appeals made an obvious legal error in its

> failure to consider whether the Defendant presented facts and evidence which prove that the offered justification is pretextual and that actual vindictiveness occurred.
>
> In reaching the conclusion that the presumption of vindictive resentencing had been rebutted, the Court of Appeals made an obvious legal error in it[ ]s use of the sentencing package doc[tr]ine and its failure to identify any relevant conduct or events that throw new light upon Defendant's life, health, habits, conduct, and mental and moral propensities.

(Doc. #6, Exh. 21).

The Court of Appeals granted Bradley's motion for reconsideration and sustained his second assignment of error, finding as follows:

> The trial court erred when it imposed harsher sentences in order to serve the purposes and principles of sentencing with respect to the aggregate of the four separate offenses the court imposed, because in so doing the court applied the sentence packaging doctrine, which Ohio courts may not employ. [citation omitted]. That error does not portray a vindictive attitude. However, as with respect to the matter of the fewer offenses of which Defendant Bradley was convicted on his guilty pleas, and because it constitutes an error of law, the court's purpose to achieve a greater aggregate sentence cannot serve to rebut the presumption of vindictiveness arising from those harsher sentences.
>
> Defendant failed to raise a *Pearce* challenge in the trial court with respect to the erroneous findings on which the court relied. That failure forfeits his right to raise the issue on appeal. [citation omitted]. However, forfeiture does not apply to plain error. [*Id.*]. Because on

> this record the outcome would clearly have been
> different had the error not occurred, plain error is
> demonstrated. [citation omitted].

*State v. Bradley*, No. 06CA31, 2008 WL 466793, at *14-15 (Ohio Ct. App. Feb. 11, 2008). (Doc. #6, Exh. 22). The appellate court therefore reversed and vacated Bradley's sentences for aggravated possession of drugs and illegal assembly or possession of chemicals for the manufacture of drugs, and remanded the matter to the trial court for re-sentencing as to those offenses. *Id.* at *15.

On February 21, 2008, the State filed an application for reconsideration of that February 11, 2008 decision, as well as a motion to certify a conflict. (Doc. #6, Exhs. 23, 24). On March 11, 2008, the Court of Appeals denied both motions. (Doc. #6. Exhs. 25, 26). The State then appealed to the Ohio Supreme Court from the appellate court's decision granting Bradley's motion for reconsideration. (Doc. #6, Exh. 27). Although at the time of Respondent's brief herein, the Ohio Supreme Court had accepted the State's appeal for review, *State v. Bradley*, 887 N.E.2d 1202 (Ohio 2008) (*see* Doc. #6 at 9 & at Exh. 29), that Court later dismissed the appeal *sua sponte* "as having been improvidently accepted." *State v. Bradley*, 901 N.E.2d 1292 (Ohio 2009). Accordingly, the State's position as argued herein no longer is pending before the state courts.

On June 19, 2008, Bradley filed his petition for a writ of habeas corpus in

8

this Court pursuant to 28 U.S.C. § 2254, asserting a single ground for relief:

> Post-appeal indictment of charges in Case No. 2006CR234 are a product of vindictive prosecution/ retaliation for exercise of protected right to appeal.

(Doc. #4, p. 5). That matter has been fully briefed by the parties (*see* Doc. ##6, 10, 14), and is ripe for decision.

Although the following does not appear in the record of the civil case before this Court, however, it appears from the history of Bradley's state criminal case that subsequent to Bradley's petition here, the Champaign County Court of Common Pleas re-sentenced Bradley on the remanded offenses, and Bradley again appealed the resulting sentence on "vindictiveness" grounds. *See State v. Bradley*, 921 N.E.2d 304 (Ohio Ct. App. 2009). This time, the appellate court not only accepted Bradley's argument that "the presumption of a vindictive sentence occasioned by a harsher sentence imposed by the same trial judge upon remand following reversal on appeal has not been overcome," *id.* at 452, but also proceeded "to modify [Bradley's] sentences so that they are lawful" rather than "remand[ing] this cause for yet another resentencing." *Id.* at 452-43. Consequently, the appellate court "exercise[d its] authority under [Ohio Rev. Code §] 2953.08(G)(2)" to reduce Bradley's sentences to an "aggregate term of imprisonment . . . [equaling] five years." *Id.* at 453. That court then continued as

follows:

> This cause is remanded to the trial court for implementation of the sentence, which <u>may</u> <u>include</u> <u>an</u> <u>order</u> <u>for</u> <u>Bradley's</u> <u>immediate</u> <u>discharge</u>, since it is our understanding that he may have already completed at least five years of the aggregate sentence.

*Id.* (emphasis added).

There is no indication in the record here or in the subsequent history of Bradley's state criminal case of any further appeals from or challenges to that modified sentence, nor is there any indication as to whether Bradley remains in state custody or instead has been released, having completed his sentence as modified.

**APPLICABLE LAW**

**The Antiterrorism and Effective Death Penalty Act ["AEDPA"]**[3]

A federal court may consider a state prisoner's petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the AEDPA, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

---

[3] Codified in large part in 28 U.S.C. §2254. *See* Pub.L. No. 104-132, 110 Stat. 1214.

Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  The phrases "contrary to" and "unreasonable application" have independent meanings:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in ... [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts.  The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case.  The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable ... and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (citation omitted); *see Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006) (quoting in part *Bell*, 535 U.S. at 694), *cert. denied*, 549 U.S. 1255 (2007).

"A decision is an 'unreasonable application' of clearly established Supreme Court law if a 'state court correctly identifies the governing legal principle from [Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case.'"  *Gray v. Moore*, 520 F.3d 616, 621 (6th Cir.) (quoting in part *Williams v. Taylor*, 529 U.S. 362, 413 (2000)), *cert. denied*, ___ U.S. ___, 129 S. Ct. 216 (2008).  "An unreasonable application of federal law is one that is 'objectively

unreasonable' and not merely incorrect." *Sinkfield v. Brigano*, 487 F.3d 1013, 1016 (6th Cir.) (citations omitted), *cert. denied*, ___ U.S. ___, 128 S. Ct. 401 (2007).

**ANALYSIS**

It appears from the record that Petitioner Bradley took appropriate measures to preserve for purposes of federal habeas review any claims based upon the alleged vindictiveness of the sentence imposed by the state trial court following his 2006 guilty plea, by fairly presenting such claims to the state appellate courts. It also appears, however, that Bradley received the relief he seeks here when the Ohio Court of Appeals reduced his sentence for the 2006 conviction to an aggregate term of five years imprisonment. *See Bradley*, 921 N.E.2d at 453. Indeed, that decision suggests that Bradley already may have been released from state custody as a result of that sentence modification. *Id.* That prospect presents a critical consideration as to the current status of this matter that neither party has addressed.

The case or controversy requirement of the United States Constitution confines the jurisdiction of federal courts to "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character . . ." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citation omitted). As a result, this Court lacks jurisdiction to consider any issue that has "lost its character as a present,

live controversy" and thus has become moot.  *Hall v. Beals*, 396 U.S. 45, 48 (1969); *see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

"'Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *International Union v. Dana Corp.*, 697 F.2d 718, 720-21 (6th Cir. 1983) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  In order to maintain a case or controversy, "parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis*, 494 U.S. at 478 (citations omitted).  If "events occur during the pendency of a litigation which render the court unable to grant the requested relief," the case has become moot and falls outside of the court's jurisdiction. *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002) (citations omitted).

While an incarcerated person's "challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration . . . constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction," *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), the expiration of such a prisoner's sentence requires "some concrete and continuing injury other than the now-ended incarceration[,] . . . some 'collateral consequence' of the conviction," for the suit to remain viable.  *Id.*  In the context of this case, that means that "it is not enough that a dispute was alive when

[Bradley's] habeas corpus petition was filed in [this Court.  Rather, Bradley] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Brock v. United States Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007) (quoted with favor in *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009)).

In light of the intervening decision in *State v. Bradley*, 921 N.E.2d 304 (Ohio Ct. App. 2009), as quoted *supra*, there is reason to believe that although this Court apparently had jurisdiction when Bradley filed his petition, that "case or controversy" has been rendered moot by the state appellate court's reduction of Bradley's sentence, and/or his subsequent release from incarceration.  Absent any contrary indication in the record, this Court concludes that it cannot grant Bradley the relief sought in his petition for writ of habeas corpus.

**IT THEREFORE IS RECOMMENDED THAT**:

1. Petitioner Kevin L. Bradley's petition for writ of habeas corpus (Doc. #4) be DISMISSED as moot; and

2. This case be TERMINATED on the docket of this Court.


September 16, 2010                         s/Sharon L. Ovington
                                          Sharon L. Ovington
                                      United States Magistrate Judge


14

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).